UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM ILLITCH,<br>Plaintiff, | Case No. 1:17-cv-835<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | ORDER |

This matter is before the Court on plaintiff's motion for an award of attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 24), and the Commissioner's response opposing the motion on the ground it was not timely filed (Doc. 25).

On December 14, 2017, plaintiff William Illitch filed an appeal from a final decision by the Commissioner of Social Security denying an award of disability insurance benefits (DIB). *See* 42 U.S.C. § 405(g). On March 25, 2019, this Court issued an Order reversing and remanding the case for further proceedings under sentence four of 42 U.S.C. § 405(g). (Doc. 22). On that same date, the Clerk entered a "Judgment" in the case ordering and adjudging that the case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23).

On July 2, 2019, plaintiff, through his attorney, moved for an award of attorney fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.[1] (Doc. 24). Plaintiff seeks $1,906.25 in attorney fees and $400.00 in costs. Plaintiff alleges he is the "prevailing party" in this matter so as to be

---

[1] *See* 28 U.S.C. § 2412(d)(1)(A), which provides:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

eligible for a fee award under the EAJA and that the hours counsel devoted to the case were reasonably expended.

The Commissioner opposes plaintiff's motion for an award of fees and costs under the EAJA. (Doc. 25). The Commissioner does not dispute that plaintiff is a "prevailing party" for purposes of the sentence four remand and that he is therefore entitled to seek attorney fees and costs under the EAJA. However, the Commissioner contends that plaintiff's motion was not filed within 30 days after the District Court's judgment became final, and therefore the motion is not timely under 28 U.S.C. § 2412(d)(1)(B). Plaintiff has not filed a reply in support of his motion.

Under the EAJA, attorney fees and costs may be awarded to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who obtains a sentence four remand is a "prevailing party" who is entitled to seek fees under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). A party who seeks an award of EAJA fees and expenses must submit an application to the Court "within thirty days of final judgment in the action," i.e., 30 days after the time for appeal has ended. 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(G) ("'final judgment' means a judgment that is final and not appealable"). *See also Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). The time for appeal ends 60 days after "entry of judgment" pursuant to Fed. R. Civ. P. 58. Fed. R. App. P. 4(a)(1). Fed. R. Civ. P. 58, in turn, requires a district court to set forth every judgment "in a separate document." Thus, a party has 90 days from entry of judgment to file an EAJA fee petition. In a

2

sentence four remand, the time to file an EAJA petition starts running with the entry of the final judgment on the remand order. *Shalala,* 509 U.S. at 298 (citing *Melkonyan,* 501 U.S. at 102).

The Court entered its Order reversing the decision of the Commissioner and remanding this case under sentence four on March 25, 2019. (Doc. 22). A judgment was entered on that same date. (Doc. 23). There is no dispute that the entry of judgment pursuant to sentence four constitutes a final judgment and that plaintiff is a "prevailing party" for purposes of the sentence four remand. *See Shalala,* 509 U.S. at 300-02. Thus, plaintiff was entitled to seek fees and costs under the EAJA within 30 days of the date the judgment of remand was final and no longer appealable. *Id.* at 298; 28 U.S.C. § 2412(d)(1)(B). Plaintiff filed his fee application on July 2, 2019, which was more than 90 days after the judgment of remand pursuant to sentence four was entered and more than 30 days after the judgment was no longer appealable. The motion for fees and expenses under the EAJA therefore is not timely. Plaintiff has not attempted to rebut the Commissioner's representations and position that plaintiff's EAJA fee petition is not timely.

The EAJA time limitation is subject to equitable tolling. *Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 131 (6th Cir. 2007). The propriety of equitable tolling must be determined on a "case-by-case basis." *Id.* (quoting *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)). Plaintiff bears the burden of establishing exceptional circumstances which warrant equitable tolling. *Kellum v. Comm'r of Soc. Sec.,* 295 F. App'x 47, 49 (6th Cir. 2008) (citing cases). Plaintiff has not requested that the time limit for filing his EAJA fee petition be equitably tolled in this case, and he has made no attempt to show that any circumstances which could potentially warrant equitable tolling apply here. Thus, because there is no question that plaintiff did not timely file his EAJA fee request within the time limit set forth in 28 U.S.C. § 2412(d), plaintiff is not entitled to a fee under the EAJA.

3

It is therefore **ORDERED** that plaintiff's motion for attorney fees and costs under the EAJA (Doc. 24) is **DENIED**.

Date: 10/21/19

Karen L. Litkovitz
United States Magistrate Judge