UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM ILLITCH,  Case No. 1:17-cv-835
    Plaintiff,  Litkovitz, M.J.

vs.

COMMISSIONER OF  **ORDER**
SOCIAL SECURITY,
    Defendant.

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 27), as supplemented (Doc. 28), and the Commissioner's response stating the Commissioner does not oppose plaintiff's request for attorney fees (Doc. 29).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Id.* at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht*, 535 U.S. at 807.  The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases.  *Id.* at 808.  *See also Rodriquez*, 865 F.2d at 746.  Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case.  *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746.  An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research.  *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate.  *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990).  As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Id*.  "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."  *Hayes*, 923 F.2d at 422.  *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $7,358.50 requested by plaintiff falls within the 25 percent boundary.[1] Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted an itemized billing record demonstrating that his attorney performed a total of 16 hours of work on the case in the District Court between December 2017 and October 2020. (Doc. 27 at PAGEID 1319). Plaintiff has submitted a copy of the contingency fee agreement he entered into with counsel under which he agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (Doc. 28-1 at PAGEID 1330).

Dividing the $7,358.50 requested by the 16 hours counsel worked on this case before the Court produces a hypothetical hourly fee of $459.90. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

---

[1] The fee requested represents the total amount withheld by the Social Security Administration ($13,358.50) reduced by the amount withheld for administrative-level work ($6,000.00). (Doc. 27 at PAGEID 1318). Plaintiff's counsel was not awarded EAJA fees. (*See* Doc. 26). Plaintiff also notes that the amount withheld by the Social Security Administration ($13,358.50) is slightly less than 25% of the past-due benefit award ($14,104.40). (*See* Doc. 27 at PAGEID 1318).

*Id*.

Plaintiff's pending fee motion does not include his counsel's standard hourly rate for non-contingent cases but generally refers to a 2013 Ohio State Bar Association (OSBA) survey of attorney fees[2] and several comparable cases—all of which suggest that the hypothetical hourly rate requested ($459.90) is not more than twice the standard market rate. (*See* Doc. 27 at PAGEID 1317) (citing comparable Cincinnati market hourly rates between $300.00 and $455.00 per hour and cases approving hypothetical hourly rates at $450.00, $694.00, and $1,433.00 per hour). Therefore, the requested fee of $7,358.50 does not constitute a windfall to plaintiff's counsel. *Hayes*, 923 F.2d at 422. The Court notes that plaintiff's counsel did not unduly delay the resolution of this matter, and he achieved an excellent result in this case by obtaining a favorable disability determination on remand with past due benefits in the amount of $43,059.10. (*See* Doc. 28 at PAGEID 1323). Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment. The Commissioner has submitted a response to plaintiff's motion and does not oppose the motion to charge and collect a fee of $7,358.50. (Doc. 29). Having reviewed plaintiff's § 406(b) fee request in light of these considerations, the Court finds that a fee of $7,358.50 is reasonable for the work plaintiff's counsel performed in federal court.

The Court therefore **ORDERS** that plaintiff's § 406(b) motion for attorney fees is **GRANTED** and that counsel is **AWARDED** attorney fees in the amount of **$7,358.50.**

Date: 12/17/2020

Karen L. Litkovitz
United States Magistrate Judge

---

[2] This resource is available at https://www.ohiobar.org/globalassets/home/member-benefits/personal-finance/osba_econoflawpracticeohio.pdf (last visited Nov. 29, 2020). The work performed in this case postdates the survey data by several years.